David Abrams, Attorney at Law #3051604
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 Fax 212-897-5811
dnabrams@gmail.com

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
DEC 1 2 2022
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

United States District Court
Northern District of New York

**TO BE FILED UNDER SEAL**

---

United States of America ex rel.
GNGH2 Inc.,

        Plaintiff-Relator,

      - against -

FEAST AMERICAN DINERS LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Index No.: 5:22-cv-1331
(GTS/TWD)

**Complaint**

---

Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney

at Law, respectfully sets forth and alleges as follows:

**I.  Nature of the Case**

1.  This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc.

("Relator"), alleges that the Defendants fraudulently obtained disaster relief under the Restaurant

Act of 2021 means of fraudulent certifications of eligibility.

**II.  Parties**

2.  Plaintiff-Relator GNGH2, Inc. ("Relator") is a New Jersey corporation with a principal

place of business in Bergen County, New Jersey.

3.  Defendant FEAST AMERICAN DINERS ("Feast" or "Defendant") is a Delaware limited

liability company with a principal place of business in the State of California, County of

Riverside.

4.      At all times relevant to this matter, Feast operated Denny's restaurants in New York and Arizona, including Denny's No. 8518 in Watertown, New York.

**III     Jurisdiction and Venue**

5.      This Court has Federal Question jurisdiction over this matter in that Relator asserts claims under the False Claims Act, a federal statute.

6.      This Court has personal jurisdiction over the Defendant in that personal jurisdiction under the False Claims Act is based on the Defendants' contacts with the United States as a whole. In this case, the Defendant is located in the United States and in any event this matter arises from the Defendant's application for and receipt of a federal grant.

7.      This matter is venued in the Northern District of New York based on Defendant's operation of a Denny's restaurant location in Jefferson County, New York. Indeed, the majority of restaurant locations operated by the Defendant were in upstate New York and of those, the majority were located in the Northern District.

**IV.    Background**

8.      Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

9.      In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10.     All of the above has resulted in major economic disruption and as a result Congress enacted various measures including the 2021 Restaurant Act ("RRA") which was intended to provide relief to restaurants and small restaurant chains which lost business due to lockdowns and other measures which were enacted in response to the Coronavirus Epidemic.

2

11.     The Defendant applied for and received relief under the RRA as follows:

| Date | Grant Number | Amount |
|------|--------------|--------|
| 6/29/2021 | 1171959108 | $928,554 |

12.     The Defendant was too large in terms of its operations to qualify for such relief and fraudulently certified as to its eligibility.

## V.     (Count I)  Violation of the False Claims Act

13.     The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

14.     The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

15.     Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VI.    Relief Sought

16.     On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

17.     The Defendant received at least approximately $928,554 in disaster relief as a result of the certification set forth above.

18.     Accordingly, Relator seeks judgment in the amount of $2,785,662 against the

Defendants and in favor of the United States, together with costs, interest, civil penalties, an

appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
        December 9, 2022