
David Abrams, Attorney at Law #3051604
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 Fax 212-897-5811
dnabrams@gmail.com

United States District Court      **TO BE FILED UNDER SEAL**
Northern District of New York

| | |
|---|---|
| United States of America ex rel. GNGH2 Inc., | |
| Plaintiff-Relator, | |
| - against - | Case No. 5:22-CV-1331 (GTS/TWD) |
| FEAST AMERICAN DINERS LLC, | |
| Defendants. | **Amended Complaint** |

Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Nature of the Case**

1. This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained disaster relief under the Restaurant Act of 2021 means of fraudulent certifications of eligibility.

**II.   Parties**

2. Plaintiff-Relator GNGH2, Inc. ("Relator") is a New Jersey corporation with a principal place of business in Bergen County, New Jersey.

3. Defendant FEAST AMERICAN DINERS ("Feast" or "Defendant") is a Delaware limited liability company with a principal place of business in the State of California, County of Riverside.

4. At all times relevant to this matter, Feast operated Denny's restaurants in New York and Arizona, including Denny's No. 8518 in Watertown, New York.

### III  Jurisdiction and Venue

5. This Court has Federal Question jurisdiction over this matter in that Relator asserts claims under the False Claims Act, a federal statute.

6. This Court has personal jurisdiction over the Defendant in that personal jurisdiction under the False Claims Act is based on the Defendants' contacts with the United States as a whole. In this case, the Defendant is located in the United States and in any event this matter arises from the Defendant's application for and receipt of a federal grant.

7. This matter is venued in the Northern District of New York based on Defendant's operation of a Denny's restaurant location in Jefferson County, New York. Indeed, the majority of restaurant locations operated by the Defendant were in upstate New York and of those, the majority were located in the Northern District.

### IV.  Background

8. Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

9. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10. All of the above has resulted in major economic disruption and as a result Congress enacted various measures including the 2021 Restaurant Act ("RRA") which was intended to provide relief to restaurants and small restaurant chains which lost business due to lockdowns and other measures which were enacted in response to the Coronavirus Epidemic.

11. The Defendant applied for and received relief under the RRA as follows:

| Date | Grant Number | Amount |
|---|---|---|
| 6/29/2021 | 1171959108 | $928,554 |

12. The Defendant was too large in terms of its operations to qualify for such relief and fraudulently certified as to its eligibility.

12a. More specifically, one of the eligibility requirements for the grant was that the applicant (including any affiliates) operate 20 or fewer locations as of March 13, 2020.

12b. Indeed, the computer system used to apply for these grants requires applicants to certify "NO" to the following:

> [The applicant's business] as of March 13, 2020 owns or operates (together with any affiliated business) more than 20 locations, regardless of whether those locations do business under the same or multiple names.

12c. Thus, it was impossible for the Defendant to obtain the grant in question without certifying "NO" to the above on or about June 29, 2021.

12d. The above certification was false for two independent reasons: First, as of March 13, 2020 the Defendant operated 15 locations in New York and 6 locations in Arizona for a total of 21. Specifically, the following:

| Brand | Location No. | Address |
|---|---|---|
| Denny's | 6372 | 4120 N 51st Ave, Phoenix AZ 85031 |
| Denny's | 6612 | 3205 E Bell Rd, Phoenix AZ 85032 |
| Denny's | 6669 | 5161 W Thunderbird Rd, Glendale AZ 85306 |
| Denny's | 6750 | 1851 E Florence Blvd, Casa Grande AZ 85222 |
| Denny's | 8048 | 2875 W Hwy 70, Thatcher AZ 85552 |
| Denny's | 8579 | 1005 S Sunshine Blvd, Eloy AZ 85231 |
| Denny's | 8116 | 6591 Thompson Rd, Syracuse NY 13206 |
| Denny's | 8117 | 201 Lawrence Rd, North Syracuse NY 13212 |
| Denny's | 8119 | 103 Elwood Davis Rd, Syracuse NY 13212 |
| Denny's | 8126 | 2890 W Ridge Rd, Rochester NY 14626 |

| | | |
|---|---|---|
| Denny's | 8127 | 911 Jefferson Rd, Rochester NY 14623 |
| Denny's | 8129 | 160 Eastern Blvd, Canandaigua NY 14424 |
| Denny's | 8130 | 4240 Lakeville Rd, Geneseo NY 14454 |
| Denny's | 8131 | 3414 Erie Blvd, Syracuse NY 13214 |
| Denny's | 8132 | 176 Grant Ave, Auburn NY 13021 |
| Denny's | 8133 | 5300 W Genessee St, Camillus NY 13031 |
| Denny's | 8134 | 7873 Brewerton Rd, Cicero NY 13212 |
| Denny's | 8141 | 118 Victory Hwy, Painted Post NY 14870 |
| Denny's | 8142 | 950 Chemung St, Horseheads NY 14845 |
| Denny's | 8518 | 1142 Arsenal St, Watertown NY 13601 |
| Denny's | 8657 | 795 Canandalgua Rd, Geneva NY 14456 |

12e.     Additionally, the certification requires the applicant to count the locations of affiliates. In this case, the Defendant is part of a large franchising concern called "Feast Enterprises" which operates well over 100 locations nationwide.

12f.     The foregoing false certification was material to the government's decision to pay out the disaster relief because the computer system explicitly requires a "no" answer to the location question in order for the recipient to potentially receive a grant.

12g.     Moreover, the Defendant was clearly aware of the size of its operations in that it submitted various documents such as health permit applications and franchise reports for each and every location it operated. Indeed, at around the time of the epidemic, the Defendant submitted a WARN Act notice for the 15 locations in upstate New York.

12h.     Further, the prime operator of the Defendant, Mr. David Beshay, is a principal of Feast Enterprises. On November 15, 2022 he spoke at a panel session entitled "What Scale Means to Large Multi-Unit Franchisees." Thus, the Defendant was clearly aware that it was part of a large concern with far more than 20 locations.

12i.     Thus, it is clear that the Defendant knowingly or recklessly made a false statement and but for that false statement, it would not have received the disaster relief described above.

## V.  (Count I) Violation of the False Claims Act

13. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

14. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

15. Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VI.  Relief Sought

16. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

17. The Defendant received at least approximately $928,554 in disaster relief as a result of the certification set forth above.

[continued on next page]

18.     Accordingly, Relator seeks judgment in the amount of $2,785,662 against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
  Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
       December 21, 2022

David Abrams, Attorney at Law
PO Box 3353 Church Street Station New York NY 10008
Tel. 212-897-5821 Fax 212-897-5811
Delhi, New York

**SUBMITTED UNDER SEAL**

December 21, 2022

To:    Attn:   Civil Intake
       United States District Court
       Northern District of New York
       PO Box 7367
       Syracuse, NY 13261

Re:    <u>United States ex rel. GNGH2 Inc. v. Feast American Diners LLC
       Case No. 5:22-CV-1331 (GTS/TWD)</u>

Dear Sir / Madam:

       This office represents the relator in the above-referenced matter. Enclosed please find for filing under seal an Amended Complaint.

                                          Sincerely yours,

                                          David Abrams

Enclosures

cc:    United States Attorneys Office        (by e-mail, w/ enc.)

David Abrams, Attorney at Law
Church Street Station
P.O. Box 3353
New York, NY 10008



21 DEC 2022  PM 8  L



U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK

DEC 2 8 2022

RECEIVED